"The common pleas court's decision that the City of Lakewood unlawfully failed to bargain is against the manifest weight of the evidence and not in accordance with law, because the city and the union bargained over and agreed upon a management rights clause which expressly grants the city the right to determine work schedules."

### II

"The common pleas court's decision that the city of Lakewood failed to bargain is against the manifest weight of the evidence, because the evidence in the record as a whole establishes that the city bargained over its decision to implement the three-platoon system as well as the effects of that decision."

### III

"The common pleas court's decision that the union did not 'sleep on its rights' in failing to demand bargaining is against the manifest weight of the evidence and not in accordance with law."

**The STATE of Ohio, Appellant,**

**v.**

**BISTRICKY, Appellee.**

[Cite as *State v. Bistricky* (1990), 66 Ohio App.3d 395.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 57135, 57136, 57137, 57138 and 57139.

Decided Aug. 10, 1990.

*John T. Corrigan,* Prosecuting Attorney, and *Jack H. Hudson,* for appellant.

*Weston, Hurd, Fallon, Paisley & Howley* and *Thomas C. Buford,* for intervenor trial court.

*Nick Tomino,* Director of Law, and *Gary R. Williams,* for *amicus curiae* city of Cleveland.

*Patrick A. D'Angelo,* for *amicus curiae* Cleveland Police Patrolmen's Association.

*Paul L. Cox,* for *amicus curiae* Fraternal Order of Police of Ohio, Inc.

*Chattman, Garfield, Friedlander & Paul* and *Douglas J. Paul,* for *amicus curiae* Fraternal Order of Police, Cleveland Lodge No. 8.

---

*Per Curiam.*

This cause is before this court upon remand by the Supreme Court of the state's motion for leave to appeal which had been previously denied by this court. See *State v. Bistricky* (1990), 51 Ohio St.3d 157, 555 N.E.2d 644.

In this criminal case against five Cleveland police officers charged with selling or offering to sell drugs, the trial court, at the close of the state's case,

granted defendants' motion for acquittal pursuant to Crim.R. 29. The state conceded that the principles of double jeopardy prohibited the retrial of the defendants, but argued for a consideration of the trial court rulings pursuant to R.C. 2945.67(A). The court of appeals denied the state's motion for leave to appeal.

In its reversal opinion, the Supreme Court stated:

" * * * We therefore hold that a court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to decide whether to review substantive law rulings made in a criminal case which results in a judgment of acquittal so long as the verdict itself is not appealed. It is not clear to us, upon reviewing the court of appeals' reason for denying the motion for leave to appeal, that the court of appeals exercised that discretion.

"We, therefore, reverse the judgment of the court of appeals to the extent that it found no authority, pursuant to R.C. 2945.67(A), to consider the state's appeal and remand the cause to that court to exercise its discretion to decide whether it will accept or decline review of the matters of substantive law presented." *Id.*, 51 Ohio St.3d at 160, 555 N.E.2d at 646.

In keeping with this mandate we decline to review any matters of substantive law presented. The duty of this court is to decide actual controversies between the parties and to enter judgments capable of enforcement. We are not required to give mere advisory opinions or to rule on questions of law which cannot affect the matters in issue in the case before us. In the instant case the question of mootness has been made much stronger by virtue of the fact that the Ohio General Assembly has enacted legislation effective April 11, 1990, which substantially amends the pertinent criminal statute, R.C. 3719.14(B). An advisory opinion on the statute as it was at the time of trial and prior to amendment would serve no purpose and would constitute a waste of judicial time.

State's motion for leave to appeal is denied.

*So ordered.*

KRUPANSKY, ANN MCMANAMON and JOHN V. CORRIGAN, JJ., concur.