OPINION
The State of Ohio is appealing the decision of the Canton Municipal Court that excluded the testimony of Terrence Hall in the prosecution of a domestic violence case. The facts giving rise to this appeal are as follows.
On January 28, 1997, Appellee Thomas Brown was charged with one count of domestic violence in violation of R.C. 2919.25 (A). In early February, the prosecutor spoke to the victim, Kelly Demchuk and a fact witness, Gretchen Stanley. At that time, both witnesses indicated a willingness to cooperate in the prosecution of appellee for domestic violence.
In the days prior to trial, counsel for the State learned that Gretchen Stanley and Dontae Parker were unwilling to cooperate or appear at trial. On March 12, 1997, one day prior to the commencement of trial, the prosecutor discovered a new witness, Terrence Hall, who was willing to appear and cooperate in appellee's prosecution. Upon learning this, the prosecutor telephoned appellee's counsel and informed appellee's counsel's associates that the State intended to call Terrence Hall as a witness at trial.
On the morning of trial, the prosecutor made Terrence Hall available to be interviewed by appellee's defense counsel. However, appellee's defense counsel moved to have Terrence Hall excluded as a witness from the trial because his name was not listed in the discovery materials which were previously provided to appellee's counsel. Appellee's counsel declined an offer to continue the trial and an opportunity to interview Terrence Hall.
The trial court sustained appellee's motion to exclude Terrence Hall's testimony and denied the State's motion for a continuance. Thereafter, the State proffered, for the record, Terrence Hall's anticipated testimony. This matter proceeded to trial and the jury, following deliberations, returned a not guilty verdict. The State timely filed its notice of appeal and sets forth the following assignment of error:
 I. THE TRIAL COURT ERRED WHEN INSTEAD OF IMPOSING THE LEAST SEVERE REMEDY AVAILABLE IT EXCLUDED THE TESTIMONY OF TERRENCE HALL FROM THE TRIAL.
 I
Appellant contends, in its sole assignment of error, that the trial court erred when it excluded the testimony of Terrence Hall as that was not the least severe remedy available to the trial court.
We will not address the issue presented by the State, on appeal, as the State has failed to comply with Crim.R. 12 (J). This rules provides, in pertinent part:
 (J) Appeal by state. When the state takes an appeal as provided by law, the prosecuting attorney shall certify that: (1) the appeal is not taken for the purpose of delay; and (2) the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.
The State has failed to comply with the second prong of section (J) in that the State proceeded with the trial, wherein the defendant was found not guilty, and only after the defendant was found not guilty, did the State seek leave to appeal. Under Crim.R. 12 (J), the State must appeal a trial court's decision to suppress evidence, prior to proceeding to trial.
Even if we were to find the trial court erred when it excluded the State's witness, Terrence Hall, the State could not prosecute Appellee Thomas Brown again as jeopardy has attached. Further, an appellate court is not required to render an advisory opinion on a moot question or abstract proposition or to rule on a question of law that cannot affect matters at issue in a case.State v. Bistricky (1990), 66 Ohio App.3d 395, 397. Clearly, the issue of whether Terrence Hall should have been permitted to testify, at trial, is moot.
Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio, is hereby affirmed.
Wise, J., Farmer, P.J., and Gwin, J., concur.