OPINION
Appellants, Ohio Association of Public School Employees/AFSCME Local 4, Ohio Association of Public School Employees Local 569, AFL-CIO ("OAPSE" or the "Union"), and certain individuals employed as school bus drivers in the Rootstown Local School District, appeal a decision of the Portage County Court of Common Pleas entered on April 23, 1998, involving numerous issues relating to a collective bargaining agreement between appellants and appellee, Roostown Local School District Board of Education ("Board").
The following facts are relevant to a determination of this appeal. Appellants, OAPSE Local 4 and OAPSE Local 569, were deemed certified labor representatives of non-teaching employees of the Board, including school bus drivers. These school bus drivers were under contract with the Board pursuant to R.C.3319.081. There was a collective bargaining agreement in place between the parties which provided, inter alia, that the Board could not use contractors to perform work normally and historically done by bargaining unit members.
The collective bargaining agreement expired on June 30, 1995, without a new agreement being reached. In a June 26, 1996 letter, the Board notified the Union that if the Union did not accept the Board's final offer, the Board would unilaterally impose its final offer as the new collective bargaining agreement between the parties, effective July 15, 1996. The final offer of the Board had deleted the provision prohibiting the Board from contracting out work normally performed by bargaining unit members and replaced it with a provision wherein the Board agreed not to contract out work where the sole purpose was to erode the position of the bargaining unit. This new language permitted the Board to contract with a private company for school bus transportation services. On July 15, 1996, the Board issued contracts and salary notices to the Union bus drivers for the 1996-1997 school year, which was consistent with R.C. 3319.081
and past practice. The wages in the notices were those that the Board had included in its final contract offer.
On July 16, 1996, the Board mailed specifications to private contractors requesting the submission of proposals to perform the Board's school bus transportation work. The Board also published a notice in the local newspaper that proposals were due by August 1, 1996. On September 16, 1996, the Board passed a resolution to enter into a contract with Settle Services, Inc. ("Settle") to provide transportation services for the Rootstown schools. While the final terms of the contract had not been negotiated, it was planned that the Union school bus drivers would continue to operate the buses as employees of Settle. Settle did not have any employees of its own to operate the buses. Additionally, the Board would lease buses from Settle, and Settle would lease the Board's bus garage.
Meanwhile, the Union filed an unfair labor practice charge ("ULP") with the State Employment Relations Board ("SERB"). The Union alleged that the Board violated various sections of R.C.4117.11 by failing to bargain and negotiate a new contract in good faith. The Union demanded that SERB find the former, expired collective bargaining agreement to still be in effect. After investigating the situation, SERB found that no probable cause existed to support a ULP finding. SERB concluded that the Board had properly implemented its last, best offer after impasse. SERB then dismissed the Union's charge.
While the SERB action was pending, on August 19, 1996, the Union and the individual appellants filed the present underlying action in the Portage County Court of Common Pleas. The Union sought an injunction prohibiting the Board from unilaterally implementing its final contract offer as the collective bargaining agreement, and also a restraining order prohibiting the Board from entering into a contract for school bus transportation services with a private company. The Union also sought a writ of mandamus ordering the Board to honor the bus drivers' statutory contract rights under R.C. 3319.081 and to award them reinstatement and back pay. Finally, the Union sought a declaration that the bus drivers had a continuing right to contracts of employment with the Board. The individual appellants claimed that R.C. 3319.081 did not specify that contracting with a private company was a valid ground for terminating their continuing contracts. Additionally, their job security would cease as they would become "at-will" employees were they to accept employment with a private company.
The trial court granted a temporary restraining order on August 19, 1996, finding that if the contract with Settle was entered into by the Board, the individual appellants would be immediately and irreparably damaged in their right to continued employment as their jobs with the Board would be eliminated and they would lose their positions as public employees. The temporary restraining order maintained the status quo.
On January 30, 1997, the Board filed a petition for Writ of Prohibition in the Supreme Court of Ohio alleging that the Portage County Court of Common Pleas lacked jurisdiction over the subject matter of the complaint and that all appellants had an available remedy through SERB. The Board claimed that SERB's dismissal of the ULP was a finding that the implemented final offer was valid; that the individual appellants' continuing contract rights under the statute were extinguished by the implemented final offer; and that SERB had exclusive jurisdiction over all claims raised in the complaint. The Supreme Court of Ohio denied the requested writ on April 28, 1997.
On April 21, 1997, the Board sent the individual appellants salary notices for the 1997-1998 school year pursuant to the provisions and procedures of R.C. 3319.081 and 3319.082. The school bus drivers accepted these wages without objection. Additionally, the Board continued to deduct Union fees from the drivers' pay without objection, and those funds were paid to the Union.
The matter proceeded to a bench trial on August 13, 1997. On April 23, 1998, the trial court issued its judgment in this case. The court held that after the original collective bargaining agreement expired on June 30, 1995, the parties lacked any employment agreement. The Board could not unilaterally impose a collective bargaining agreement on public employees. Instead, the parties were left with their respective statutory rights and privileges, including R.C. 3319.081, as provided by R.C. 4117.10.
The trial court also held that the school bus drivers' employment rights emanated from R.C. 3319.081, and included tenure during good behavior for the term of their contracts, however, it did not exclude the possibility of abolishment of positions during the term of their contracts. The court found that the drivers did not have a right to lifetime employment with the Board during good behavior but, instead, non-teaching employees' positions could be eliminated or abolished. Thus, the Board had the right to engage private contractors to provide school bus transportation services.
The Union had also argued that the jobs of the school bus drivers could not be abolished by the Board because that would unlawfully alter the make-up of the collective bargaining unit "deemed certified" by uncodified Section 4(A) of Am.Sub.S.B. No. 133, the Public Employee Collective Bargaining Act, otherwise codified at R.C. Chapter 4117. The trial court held that SERB had exclusive jurisdiction over that issue and that a common pleas court could not make that determination. However, the trial court noted that if it was later determined that a common pleas court did, in fact, have jurisdiction over that issue, the Union would lose because the "deemed certified" clause of Section 4(A) of Am.Sub.S.B. No. 133 had no application to the facts presented.
Finally, the trial court held that Article XVIII, Section 3, of the Ohio Constitution was not violated in this case. That section provides:
 "Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."
The trial court reasoned that school boards are not municipalities and are not endued with powers of local self-government. Thus, Article XVIII, Section 3, of the Ohio Constitution is simply not relevant to the issues present in the case sub judice.
From the trial court's judgment, the Union timely filed a notice of appeal. It has set forth two assignments of error:
 "1. The common pleas court erred to the prejudice of Appellants in declaring that the non-teaching school employees have a right during good behavior to the benefits of their respective statutory employment contracts and salary notices `subject to the position abolishment during the term of those contracts' and in limiting the writ of mandamus to only require Appellees to honor their contracts and salary notices `subject to the power of abolishment of positions.'
 "2. The common pleas erred to the prejudice of the union in ruling that it lacked jurisdiction over the union's claim under Section 4(A) of Am.Sub.S.B. No. 133."
Before we can address the Union's assignments of error on their merits, it is first necessary to consider whether or not an actual controversy exists in this case. If there is no actual controversy, then the appeal is moot. As the Eighth District Court of Appeals stated in State v. Bistricky (1990), 66 Ohio App.3d 395:
 "The duty of this court is to decide actual controversies between the parties and to enter judgments capable of enforcement. We are not required to give mere advisory opinions or to rule on questions of law which cannot affect the matters in issue in the case before us." Id. at 397; see, also, Tschantz v. Ferguson (1991), 57 Ohio St.3d 131, 133.
In the present case, the record before us reveals that on May 21, 1998, after the notice of appeal had been filed, the Union filed a motion to stay the trial court's decision pending appeal to this court. A hearing was held on the Union's motion on May 29, 1998. At the hearing, there was evidence presented that on January 26, 1998, prior to the filing of the present appeal, the Board adopted a resolution to remove the authority from the superintendent and the treasurer to enter into a contract with Settle. In short, absent further action by the Board, there is no possibility of contracting with a private company for school bus transportation services.
Based upon this evidence, the trial court overruled the Union's motion for a stay because there was nothing left to stay. We agree. There is no present controversy regarding the employment status of the individual appellants. Accordingly, because there is no actual controversy, the issues presented in this appeal are moot. We decline to render an advisory opinion. As the trial court pointed out, if and when the Board passes a new resolution to enter into a contract for the privatization of bus services, a new cause of action may well exist. Until that time, there is nothing for this court to decide. However, on June 24, 1998, the Supreme Court of Ohio issued its decision in Stateex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.
(1998), 82 Ohio St.3d 222. In that case, the court held that R.C. 3319.081 would allow for the termination of employment contracts only for acts of misfeasance, malfeasance, or nonfeasance, or for any of the express enumerated reasons set forth in R.C. 3319.081(C). Id. at 226.
Based upon the foregoing analysis, the present appeal is dismissed.
__________________________________
JUDGE WILLIAM M. O'NEILL
NADER, P.J., dissents with Dissenting Opinion,
DONOFRIO, J., Ret., Seventh Appellant District, sitting by assignment, concurs.