OPINION JUDGMENT ENTRY
{¶ 1} Appellants Richard Merryman, II, and Melissa Wilson have each filed separate appeals from the judgment entered in the Stark County Court of Common Pleas, Juvenile Division, which terminated all parental rights, privileges and responsibilities of appellants with regard to their minor children and ordered that permanent custody of the minor children be granted to the Stark County Department of Jobs and Family Services [hereinafter SCDJFS].
{¶ 2} Appellant-father's appeal 2004-CA-00056 is expedited, pursuant to App.R. 11.2(C).
{¶ 3} Appellant-mother's appeal 2004-CA-00071 comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
{¶ 4} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
{¶ 5} This appeal shall be considered in accordance with the aforementioned rules.
 STATEMENT OF THE FACTS AND CASE
{¶ 6} The relevant facts leading to this appeal are as follows:
{¶ 7} Appellants Richard Merryman, II, and Melissa Wilson are the natural father and mother of Richard (Ricky) Merryman, III. (d.o.b. Jan. 3, 1991). Melissa Wilson is also the natural mother of Martha Wilson (d.o.b. Aug. 23, 1995) and Paul Wilson (d.o.b. Oct.1, 1997). The father of Martha and Paul is deceased.
{¶ 8} On or about June 27, 2002, the SCDJFS filed a Complaint in the Stark County Court of Common Pleas, Family Court Division, alleging dependency and seeking temporary custody of these three minor children.
{¶ 9} This matter came to the attention of SCDJFS via a faxed order and affidavit from St. Lucie, Florida, Juvenile Court, indicating that Ricky, Martha and Paul had been removed from the court's jurisdiction without permission during a pending child protection case under a protective supervision order.
{¶ 10} SCDJFS also received a number of referrals prior to the filing of the Complaint regarding Paul walking on a busy street without supervision on multiple occasions.
{¶ 11} On July 1, 2002, an emergency shelter care hearing was held, at which time the trial court accepted the parents' stipulation as to a finding of dependency and placed the children in the temporary emergency custody of SCDJFS.
{¶ 12} On September 6, 2002, an adjudicatory hearing was held and the minor children were found to be dependent. On September 9, 2002, temporary custody was granted to SCDJFS.
{¶ 13} The dependency finding involved the inability of the parents to deal with the severe behavioral problems of the children. All three of these minor children have been identified by SCDJFS as special needs children. Ricky has been diagnosed with oppositional defiant disorder. Martha is the victim of sexual abuse by her paternal grandfather. Paul has a number of developmental delays and is also the victim of sexual abuse which occurred during a foster placement. Each one of the children takes numerous medications aimed at controlling their severe behavioral problems. They also are all in special education classes. Each child is also involved in ongoing therapy, each with his or her own separate therapist.
{¶ 14} On December 19, 2002, a dispositional review hearing was conducted. The trial court continued temporary custody with SCDJFS. The Court also ordered that the children have no contact with their grandfather, Richard Merryman.
{¶ 15} On May 16, 2003, SCDJFS filed a motion for permanent custody.
{¶ 16} Another dispositional review hearing was held on May 23, 2003, with the court finding no reason to preclude a request by the SCDJFS for permanent custody of the minor children.
{¶ 17} On June 25, 2003, SCDJFS filed an amended motion for permanent custody. Included with the motion was a specific plan of the agency's action to seek an adoptive family, as required by R.C. 2151.413(D).
{¶ 18} On November 10, 2003, a hearing was held on the motion for permanent custody.
{¶ 19} On January 6, 2004, the permanent custody hearing was concluded.
{¶ 20} On January 20, 2004, an in camera interview was conducted with children to ensure that their wishes were given appropriate consideration. Each of the three children expressed a desire to return home.
{¶ 21} On January 26, 2004, the trial court issued a Judgment Entry and Findings of Fact and Conclusions of Law which granted permanent custody to SCDJFS.
{¶ 22} Thus, it is from this Judgment Entry that appellants now separately appeal, raising the following assignments of error:
 ASSIGNMENTS OF ERROR APPELLANT RICHARD MERRYMAN
{¶ 23} "I. The Trial Court erred in finding that it is in the Minor Child's best interest that he be placed in the permanent custody of scdjfs as scdjfs failed to meet its burden of proof requiring clear and convincing evidence.
{¶ 24} "II. The trial court erred in granting the motion for a permanent custody thereby terminating the parental rights of appellant richard merryman as the trial court's findings are against the manifest weight of the evidence which could only lead to one conclusion that being contrary to the judgment of the trial court."
 APPELLANT MELISSA WILSON
{¶ 25} "I. The trial Court's decision to grant permanent custody of the merryman/wilson children to the stark county department of jobs and family services is against the manifest weight of the evidence because the stark county department of jobs and family services failed to devise and implement a case plan which was reasonably calculated to achieve the goal of reunification with the appellant.
{¶ 26} "II. The trial court abused its discretion considering ohio revised code Section 2151.414(B)(1)(D) as a basis for a permanent custody finding in that R.C. 2151.414(B)(1)(d) is unconstitutional because it allows for the termination of a parental right without a showing of parental unfitness and because its time periods are overbroad and arbitrary."
 Appellant Richard Merryman I., II.
{¶ 27} As both Appellant and Appellee have addressed Assignments of Error I and II together in their respective briefs, we too shall address these assignments simultaneously as they are based on similar questions of law and fact.
{¶ 28} In his assignments of error, Appellant-father contends that the trial court's decision to grant permanent custody was not in the best interest of the child and was against the manifest weight of the evidence. We disagree.
{¶ 29} It should be noted that this appeal by the father involves only the minor child Richard (Ricky) Merryman, III.
{¶ 30} R.C. § 2151.353(A)(5) requires the court to make certain findings on the basis of clear and convincing evidence. Clear and convincing evidence is that evidence which "produce(s) in the mind of the trier of facts a firm belief or conviction as to the facts to be established."
{¶ 31} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
{¶ 32} Revised Code § 2151.414(B)(1) addresses under what circumstances a trial court may grant permanent custody. That statute provides as follows:
{¶ 33} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
{¶ 34} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
{¶ 35} "(b) The child is abandoned.
{¶ 36} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
{¶ 37} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
{¶ 38} The trial court found that the minor child had been in the temporary custody of SCDJFS for more than twelve of the prior twenty consecutive months. The trial court also found that Appellant-father had abandoned the minor child by failing to visit or maintain contact with him for a period in excess of 90 days. The trial court additionally found that the minor child could not be placed with either parent at this time or within a reasonable period of time. Each one of these findings, if supported by the evidence, is sufficient in and of itself to base a grant of permanent custody pursuant to R.C. § 2151.414(B)(1).
{¶ 39} In support of its findings, the court found that Appellant-father failed to substantially complete the Goodwill Parenting Skills classes as required by his case plan. He also failed to attend anger management classes in contravention of his case plan. The court also noted that Appellant-father has moved five times within the preceding two years. When visits were made to the home of Appellants, their home was found to be dirty and cluttered, with mattresses for the children placed directly on dirty floors. The case worker also found that Appellant' father's uncle Dale, who is alleged to have sexually abused Martha, resides in their home with only a hanging towel serving as a door. The case manager reported that Appellant-father is "unable to provide for his family, unable to assess the needs of his children, and severely failed to protect the children from many dangers, including escapes from the house, as well as sexual abuse in the house, causing a person to question if one was reaction to the other."
{¶ 40} Based on the foregoing, the court found that Appellants "failed to maintain appropriate conditions in their home and will undoubtedly have difficulty consistently providing for themselves and sustaining gainful employment." (Jan. 16, 2004, Judgment Entry at 15, ¶ 13).
{¶ 41} In determining the best interest of a child, the trial court is required to consider the factors contained in R.C. § 2151.414(D). These factors are as follows:
{¶ 42} "(1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
{¶ 43} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
{¶ 44} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
{¶ 45} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
{¶ 46} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
{¶ 47} The trial court found that the children have been in the temporary custody of the SCDJFS for 12 months within the last 22 months. (Jan. 16, 2004, Judgment Entry at 15, ¶ 14).
{¶ 48} The court also had before it testimony adduced at the permanent custody hearing from both the guardian ad litem and from Ricky's therapist that an award of permanent to SCDJFS was in the best interest of the child. (T. at 352-353, 286). Ms. Voros, the therapist, stated that Ricky's behavior had improved since being placed in foster care and that he displayed only minimal bonding with his siblings. (T. at 263-264).
{¶ 49} Based on the foregoing, we find that the trial court's findings that Ricky could not or should not be placed with appellant-father within a reasonable time and that the grant of permanent custody was in the child's best interest were not against the manifest weight and sufficiency of the evidence. There was competent, credible evidence supporting the trial court's decision granting permanent custody of the child to SCDJFS.
{¶ 50} Appellant Richard Merryman, II's first and second assignments of error are overruled.
 Appellant Melissa Wilson I.
{¶ 51} In her first assignment of error, Appellant asserts that the decision of the trial court is against the manifest weight of the evidence because SCDJFS failed to devise and implement a case plan which was reasonably calculated to reunify the child into the home. We disagree.
{¶ 52} As stated above, we find that the record supports the trial court's finding that an award of permanent custody was supported by the evidence.
{¶ 53} The case plan for reunification in this matter included four goals for Appellant-mother and Appellant-father: 1) complete a psychological evaluation; 2) complete the parenting skills classes at Goodwill Industries; 3) complete domestic violence assessments at Renew and Melymbrosia, respectively; and 4) keep the family home clean, safe and free of hazardous conditions. Additionally, Appellant-father was ordered to submit to a substance abuse evaluation through the HOPE program and to follow all recommendations.
{¶ 54} The trial court found that, regardless of Appellant Melissa Wilson's substantial compliance with her case plan, she was still not able to be a successful parent to any of her three children. Appellant testified at the hearing in this matter that she had at least three different residences since the inception of this case and that she was unemployed and had not worked for the least the last ten months. (T. at 18-21). She also denied that her son Paul has any behavioral problems. (T. at 29). She also denies any responsibility or remorse for the sexual abuse of the children. Ms. Hershey, Appellant-mother's case worker, testified that she had grave concerns about Ms. Wilson's ability to provide a safe environment for the children and her ability to work to provide for the children. She also stated that she believed that he children would be at risk in the future if returned to Appellant-mother's care.
{¶ 55} Based on the foregoing, the trial court found that Appellants failed to remedy the problems in the home which led to removal of these children and that given the parents' current abilities, reunification cannot occur within the reasonably foreseeable future.
{¶ 56} Appellant's first assignment of error is overruled.
 II.
{¶ 57} In her second assignment of error, Appellant-Mother Melissa Wilson maintains that R.C. § 2151.414(B)(1)(d) is unconstitutional. We disagree.
{¶ 58} Upon review, we find that the trial court did not rely on R.C.2151.414(B)(1)(d) as its basis for the granting of permanent custody to SCDJFS.
{¶ 59} An appellate court is not required to render an advisory opinion on a moot question or abstract proposition or to rule on a question of law that cannot affect matters at issue in a case. State v.Bistricky (1990), 66 Ohio App.3d 395; see also, Travis v. Pub. Util.Comm. of Ohio (1931), 123 Ohio St. 355, ¶ 2 of the syllabus. We thus find the arguments raised under this assignment of error require no further analysis. App.R. 12(A)(1)(c).
{¶ 60} Appellant's second assignment of error is overruled.
{¶ 61} Accordingly, we find that the trial court's award of permanent custody to SCDJFS was not against the manifest weight of the evidence.
{¶ 62} The judgment of the Stark County Court of Common Pleas, Family Court Division is affirmed.
By: Boggins, J., Farmer, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Juvenile Division, Stark County, Ohio, is affirmed. Costs assessed to Appellants.