OPINION
{¶ 1} Appellants/Cross-Appellees David and Linda Dolecki ("the Doleckis") appeal the decision of the Canton Municipal Court, Stark County, in an action against their homeowner's insurance provider, Appellee/Cross-Appellant Nationwide Mutual Insurance Company ("Nationwide"). The relevant facts leading to this appeal are as follows.
 {¶ 2} In 2001, Nationwide issued a homeowner's policy to the Doleckis, with a coverage period of December 31, 2001 through December 31, 2002. The policy covered, among other things, the Dolecki residence in Massillon, Ohio.
 {¶ 3} On April 19, 2002, a hail storm caused damage to the aluminum siding covering the west or rear side of the residence. The siding on the other sides of the house was not harmed by the storm.
 {¶ 4} On March 17, 2003, the Doleckis filed a complaint against Nationwide in the Canton Municipal Court, alleging breach of insurance contract and bad faith failure to provide coverage. The gist of their claim was Nationwide's failure to either replace the damaged siding with dimensionally-matching siding or to replace all of the house's siding. On October 22, 2003, the trial court entered a declaratory judgment, upon review of certain factual stipulations by the parties, that it would be unreasonable to replace the damaged siding with new siding that did not match the rest of the house. The court further ordered the remaining claims in the Doleckis' complaint set for trial.
 {¶ 5} Nationwide thereafter moved for summary judgment as to the insurance bad faith claim, which the trial court denied on January 23, 2004. The matter thus proceeded to a jury trial on January 29 and 30, 2004. During the trial, Nationwide moved for a directed verdict on the insurance bad faith claim, which the court granted. Following the presentation of the remaining evidence, the jury granted a verdict of $6698.00 in favor of the Doleckis on their breach of contract claim.
 {¶ 6} The Doleckis filed a notice of appeal on February 25, 2004. They herein raise the following sole Assignment of Error:
 {¶ 7} "I. The trial court erred by granting defendant's motion for directed verdict on plaintiffs' insurance bad faith claim."
 {¶ 8} Nationwide sets forth the following two Assignments of Error on cross-appeal:
 {¶ 9} "I. The trial court erred in finding that the plaintiffs were entitled to a declaratory judgment finding that the insurance policy required nationwide to exactly match the plaintiffs-appellants' existing siding or to replace all siding on the plaintiffs-appellants' house.
 {¶ 10} "II. The trial court erred in overruling cross-appellant, nationwide's, motion for summary judgment on plaintiff's claims for bad faith and punitive damages."
 Dolecki Appeal I. {¶ 11} In their sole Assignment of Error, appellants contend the trial court's grant of a directed verdict in favor of Nationwide, as to the insurance bad faith claim, was in error. We disagree.
 {¶ 12} The standard of review for the grant or denial of a motion for directed verdict is whether there is probative evidence which, if believed, would permit reasonable minds to come to different conclusions as to the essential elements of the case, construing the evidence most strongly in favor of the non-movant. Brown v. Guarantee Title Trust/Arta (Aug. 28, 1996), Fairfield App. No. 94-41, citing Sanek v.Duracote Corp. (1989), 43 Ohio St.3d 169, 172. A motion for a directed verdict therefore presents a question of law, and an appellate court conducts a de novo review of the lower court's judgment. Howell v. DaytonPower Light Co. (1995), 102 Ohio App.3d 6, 13, 656 N.E.2d 957, 961. In regard to the specific issue raised in the present assigned error, "[a]n insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." Zoppo v.Homestead Ins. Co. (1994), 71 Ohio St.3d 552, paragraph one of the syllabus. A lack of reasonable justification exists where an insurer refuses to pay a claim in an arbitrary or capricious manner. Allender v.Nationwide Mut. Fire Ins. Co., Guernsey App. No. 03-CA-13, 2004-Ohio-1323, citing Hart v. Republic Mut. Ins. Co. (1949), 152 Ohio St. 185, 188.
 {¶ 13} The record reveals that all of the siding on the Doleckis' house is 3-4/3 inches in height, smooth-surfaced, and white in color. The parties agreed that this type of siding is no longer commercially manufactured. Judgment Entry, October 22, 2003, at 2. The evidence adduced at trial indicates Nationwide offered to remove the damaged original siding from the west side of the house and replace it with 4-inch siding, smooth-surfaced and white, or to cover the cost thereof. See Tr. 130-139. Nationwide claims representatives spoke with the Doleckis on the day the damage occurred, April 19, 2002. Nationwide thereupon arranged for an independent contractor, Truax Restoration, to inspect the Doleckis' siding, and sent a letter to the Doleckis on April 22, 2002 notifying them of said planned inspection. After Truax had made its repair estimate, Nationwide sent its claim representative, Randy Brannan, to inspect the house himself. Thus, by April 26, 2002, Nationwide had made its offer to remove and replace the damaged siding located on the west side of the house, albeit with a 4-inch product, as well as replacing partial adjoining areas of the north and south sides. Appellants did not accept this offer. On May 2, 2002, Nationwide renewed its above offer with an additional $100 as a cosmetic allowance. Nationwide thereafter left the offer open for either the repair work or payment of the Truax estimate of $1910.00.
 {¶ 14} The Doleckis emphasize three areas of evidence in support of their contention of bad faith by Nationwide: (1) the apparent initial proposal by Truax Restoration that all of the siding should be replaced; (2) the opinion of plaintiffs' witness Robert Haberman, a representative of the Western Reserve Group Insurance Co.,[1] as to the procedures for handling hail damage claims within his company; and (3) testimony that Nationwide had indeed eventually located matching siding.
 {¶ 15} Although Brannan did testify at one point that he had asked Truax employee John Seaman why he had recommended replacing all of the siding (Tr. at 121), we note that no Truax employee or representative testified at trial; instead, the final repair estimate of $1910.00 was entered as an exhibit. In regard to Haberman, who testified as to some of the procedures for handling hail damage claims at Western Reserve Insurance, including full replacement in a mismatch situation, we find this falls far short of an industry standard on the issue. Finally, although Brannan recalled later locating matching siding (Tr. at 146), there was no testimony at trial that Brannan knew that he could locate matching material prior to the time of the Doleckis' lawsuit. We also note the issue of subsequently available matching siding also came up during the testimony of Nationwide's expert Leonard Lachner, but this evidence would not have been before the trial court judge when she made her decision to grant the directed verdict.
 {¶ 16} Ultimately, Brannan described his position during his work on the claim as follows: "With the given situation and the separation of not having siding that abuts up against each other, I don't think the size of the — the size of the siding in this particular case would have been an issue * * *." Tr. at 136-137.
 {¶ 17} Upon review of the trial records, we conclude that reasonable minds would only conclude that Nationwide's refusal or delay in paying the claim was based on reasonable justification and was not done in an arbitrary or capricious manner. Therefore, the trial court properly granted a directed verdict to Nationwide on the bad faith claim. We therefore additionally find no reversible error as to the court's grant of a directed verdict to Nationwide regarding the Doleckis' claim for punitive damages. See, e.g., Ketchum v. Miller (1922), 104 Ohio St. 372, syllabus.
 {¶ 18} Accordingly, the Doleckis' sole Assignment of Error is overruled.
 Nationwide Cross-Appeal I. {¶ 19} In its First Assignment of Error on cross-appeal, Nationwide contends the trial court erred in issuing a declaratory judgment finding that Nationwide was required to make an exact match of the damaged siding or else replace the entire house's siding. We disagree.
 {¶ 20} The granting of declaratory judgment relief is a matter of judicial discretion. Stark-Tuscarawas-Wayne Joint Solid Waste ManagementDist. v. Republic Services of Ohio II, LLC, Stark App. No. 2004-CA-00099, 2004 WL 2406553, citing Control Data Corp. v. ControllingBd. of Ohio (1983), 16 Ohio App.3d 30, 35, 16 OBR 32, 36-38,474 N.E.2d 336, 341-342. A trial court's declaratory judgment cannot be disturbed on appeal absent a showing that the trial court abused its discretion. Id. See, also, Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, 5 OBR 481, 482, 450 N.E.2d 1140, 1141-1142. The term abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Id. In Bilyeu v. Motorists Mut. Ins. Co. (1973), 36 Ohio St.2d 35, 37, the Ohio Supreme Court noted: "Thus, a determination as to the granting or denying of declaratory relief is one of degree. Although this court might agree or disagree with that determination, our decision must be whether such a determination is reasonable."
 {¶ 21} As we discussed in our review of the Doleckis' Assignment of Error, supra, the trial court in the case sub judice was faced with determining the extent of Nationwide's obligation under the policy to "cover direct physical loss to property" within the context of the policyholders' claim of damaged aluminum siding on their primary residence.[2] The trial court relied in part on OAC 3901-1-54(I), which addresses settlement of claims under fire and extended coverage insurance policies: "(b) When an interior or exterior loss requires replacement of an item and the replaced item does not match the quality, color or size of the item suffering the loss, the insurer shall replace as much of the item as to result in a reasonably comparable appearance." The trial court concluded, at the declaratory judgment stage, that it would be unreasonable to replace damaged siding with unmatched siding, thus declaring that the policy required replacement in toto should Nationwide be "unable to replace the siding with a product that is the same height, color and thickness that results in a reasonably comparable appearance * * *." Judgment Entry, October 22, 2003, at 8.
 {¶ 22} Upon our review of the pertinent portions of the record and the parties' stipulations to the trial court, we are unable to conclude the trial court abused its discretion in reaching the aforesaid conclusions via declaratory judgment. Accordingly, Nationwide's First Assignment of Error on cross-appeal is overruled.
 II. {¶ 23} In its Second Assignment of Error on cross-appeal, Nationwide contends the trial court erred in denying Nationwide's motion for summary judgment as to the bad faith and punitive damages claims.
 {¶ 24} Under the procedural circumstances of this case, the trial court's grant of a directed verdict in favor of Nationwide on the Doleckis' bad faith and punitive damages claims resolved both of those issues to Nationwide's advantage. An appellate court is not required to render an advisory opinion on a moot question or to rule on a question of law that cannot affect matters at issue in a case. State v. Bistricky
(1990), 66 Ohio App.3d 395, 397, 584 N.E.2d 75. Nationwide's Second Assignment of Error on cross-appeal is therefore overruled as moot. SeeMoore v. Nichol (Oct. 30, 1991), Summit App. No. 5062.
 {¶ 25} For the reasons stated in the foregoing opinion, the judgment of the Canton Municipal Court of Stark County, Ohio, is affirmed.
Wise, J., Hoffman, P.J., and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed. Costs to be split equally between the Doleckis (50%) and Nationwide(50%).
[1] Western Reserve was not a party to the litigation at issue.
[2] Notwithstanding the legal and aesthetic dilemma likely to be created when a portion of unmatchable home siding is damaged, there appears to be scant case law on the subject in Ohio. See, e.g., Stover v.Walker (August 17, 1984), Montgomery App. No. CA 8511.