OPINION
{¶ 1} Appellant Raymond R. Beckholt, Sr. appeals his sentence, in the Knox County Court of Common Pleas, for two counts of rape (R.C. 2907.02(A)(1)(b)).
 {¶ 2} On December 14, 1999, subsequent to an indictment by the Knox County Grand Jury, appellant pled guilty to two counts of rape. On January 14, 2000, appellant was sentenced to a term of eight years in prison on each count, with the sentences to be served consecutively. On May 10, 2005, this Court granted appellant leave to file a delayed appeal. We remanded for the appointment of counsel on July 19, 2005.
 {¶ 3} Appellant presently raises the following two Assignments of Error:
 {¶ 4} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO CONSIDER THE FACTORS FOR THE IMPOSITION OF CONSECUTIVE SENTENCES AS REQUIRED BY R.C. 2929.14.
 {¶ 5} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO ADVISE MR. BECKHOLT AT THE SENTENCING HEARING OF HIS RIGHT TO APPEAL UNDER CRIMINAL RULE 32(B)."
 I. {¶ 6} In his First Assignment of Error, appellant challenges the imposition of consecutive sentences under R.C. 2929.14(E)(4).
 {¶ 7} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found certain provisions of Ohio's sentencing statute unconstitutional, in light of Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, because said provisions required judicial factfinding to exceed the sentence allowed simply as a result of a conviction or plea. These included the provision for consecutive prison terms at issue, R.C. 2929.14(E)(4).
 {¶ 8} To remedy Ohio's felony sentencing statutes, the Ohio Supreme Court severed the Blakely-offending portions that either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption. Foster at ¶ 97. The Court concluded "* * * that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 9} Accordingly, because appellant's sentencing is based upon at least one unconstitutional statutory provision now deemed void, we are persuaded under these circumstances to remand this matter to the trial court for a new sentencing hearing.
 {¶ 10} Appellant's First Assignment of Error is sustained in part.
 II. {¶ 11} In his Second Assignment of Error, appellant maintains the trial court erred by not advising him of his right to appeal under Crim.R. 32(B).
 {¶ 12} An appellate court is not required to render an advisory opinion on a moot question or to rule on a question of law that cannot affect matters at issue in a case. State v.Bistricky (1990), 66 Ohio App.3d 395, 397, 584 N.E.2d 75. In the case sub judice, our remand of this matter for resentencing renders the issue presented moot in the absence of any demonstration of how the alleged Crim.R. 32(B) violation has prejudiced appellant. Cf. State v. Smith, Morrow App. No. CA-957, 2003-Ohio-3416, ¶ 31.
 {¶ 13} Appellant's Second Assignment of Error is found moot.
 {¶ 14} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby reversed in part and remanded for further proceedings consistent with this opinion.
By: Wise, P.J. Hoffman, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is reversed in part and remanded for further proceedings consistent with this opinion. Costs to be split evenly between appellant and the State of Ohio.