OPINION *Page 2 
{¶ 1} Appellant Melissa Stafford appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, which granted permanent custody of her daughter to Appellee Stark County Department of Job and Family Services ("SCDJFS"). The relevant facts leading to this appeal are as follows.
 {¶ 2} On January 12, 2006, the trial court found Kianna Stafford, born in August 2005, to be a dependent child as alleged by SCDJFS, based on concerns of appellant-mother's substance abuse, mental health issues, and mental and self-care limitations. Kianna's father is unknown. The court approved a case plan which required, inter alia, that appellant-mother obtain a psychological evaluation and follow the corresponding mental health recommendations, complete Goodwill Parenting classes, and obtain Quest substance abuse treatment. However, appellant failed to meet any of these requirements, other than obtaining a psychological evaluation at Northeast Behavioral Health Services.
 {¶ 3} On July 13, 2006, SCDJFS filed a motion for permanent custody. The matter was heard before a family court judge on September 18, 2006. Appellant did not appear, although her attorney argued her case on her behalf and cross-examined SCDJFS caseworker Adrienne Chenault. The trial court issued a judgment entry with findings of fact and conclusions of law on September 27, 2006, granting permanent custody to SCDJFS.
 {¶ 4} On October 20, 2006, appellant filed a notice of appeal. She herein raises the following three Assignments of Error: *Page 3 
 {¶ 5} "I. THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF KIANNA STAFFORD TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES BECAUSE ITS DETERMINATION THAT REASONABLE EFFORTS TO ASSIST THE PARENT TO COMPLETE THE CASE PLAN AND THAT THE DEPARTMENT USED REASONABLE EFFORTS TO PREVENT THE REMOVAL OF THE CHILD WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 6} "II. THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF KIANNA STAFFORD TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES BECAUSE ITS DETERMINATION THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 7} "III. THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF KIANNA STAFFORD TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES BECAUSE ITS DETERMINATION THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I. {¶ 8} In her First Assignment of Error, appellant challenges the trial court's determination that SCDJFS made reasonable efforts to assist her in her case plan and to prevent the removal of Kianna from the home.
 {¶ 9} R.C. 2151.414(B)(1) reads as follows: "Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if *Page 4 
the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 10} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 11} "(b) The child is abandoned.
 {¶ 12} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 13} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999. * * *."
 Case Plan Issue {¶ 14} In determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents (see R.C. 2151.414(B)(1)(a), supra), a trial court is to consider the existence of one or more factors under R.C. 2151.414(E), including whether or not "[following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and *Page 5 
repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home." See R.C. 2151.414(E)(1), emphasis added.
 {¶ 15} Nonetheless, in the case sub judice, although relying in part on R.C. 2151.414(B)(1)(a), the trial court made an "abandonment" finding under R.C. 2151.414(B)(1)(b), which is not herein disputed by appellant. While certainly case plans are mandated pursuant R.C. 2151.412, Ohio's statutory scheme does not require a trial court to refer to the R.C.2151.414(E) factors, specifically "reasonable case planning," in cases where, as here, the parents have statutorily abandoned the child. SeeIn re M.R., Summit App. No. 23033, 2006-Ohio-2558, ¶ 10. Appellant's argument in this regard is therefore merely academic and does not warrant further redress.
 "Prevention of Removal" Issue {¶ 16} R.C. 2151.419(A)(1) states in pertinent part as follows: "Except as provided in division (A)(2) of this section, at any hearing held pursuant to section 2151.28, division (E) of section 2151.31, or section 2151.314, 2151.33, or 2151.353 of the Revised Code at which the court removes a child from the child's home or continues the removal of a child from the child's home, the court shall determine whether the public children services agency * * * that filed the complaint in the case, removed the child from home, has custody of the child, or will be given custody of the child has made reasonable efforts to prevent the removal of the child from the child's home, to eliminate the continued removal of the child from the child's home, or to make it possible for the child to return safely home. The agency shall have the burden of proving that it has made those reasonable efforts. * * * In determining whether reasonable efforts were made, the child's health and safety shall be paramount." *Page 6 
 {¶ 17} However, in cases of abandonment, the trial court is not required to determine whether the agency used "reasonable efforts" under R.C. 2151.419(A)(1). See In re Starkey, 150 Ohio App.3d 612, 617,782 N.E.2d 665, 2002-Ohio-6892, ¶ 15. See, also, In re G.B., Summit App. No. 22628, 2005-Ohio-4540, ¶ 4. As such, appellant's argument in this regard lacks merit.
 {¶ 18} Accordingly, appellant's First Assignment of Error is overruled.
 II. {¶ 19} In her Second Assignment of Error, appellant challenges the trial court's determination that Kianna could not or should not be returned to appellant within a reasonable time.
 {¶ 20} The statutory determination of whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, outlined under R.C. 2151.414(B)(1)(a), is distinct from an "abandonment" determination under R.C.2151.414(B)(1)(b). In the case sub judice, although the trial court elected to conduct an analysis of the facts in relation to R.C.2151.414(B)(1)(a), it nonetheless also clearly enunciated an abandonment finding, as had been requested by SCDJFS both in its permanent custody motion and at trial. See Tr. at 11-12. Thus, in the case sub judice, although the court sought to go the extra mile, there was no requirement for any R.C. 2151.414(B)(1)(a) determinations, based on the court's finding of abandonment. See, e.g., In re Willis, Coshocton App. No. 02CA15, 2002-Ohio-6795, ¶ 30. As an appellate court, we are not required to issue rulings that cannot affect matters at issue in a case. See, e.g., In re Merryman/Wilson Children, Stark App. Nos. *Page 7 
2004 CA 00056, 2004 CA 00071, 2004-Ohio-3174, ¶ 59, citing State v.Bistricky (1990), 66 Ohio App.3d 395, 584 N.E.2d 75.
 {¶ 21} Appellant's Second Assignment of Error is therefore overruled.
 III. {¶ 22} In her Third Assignment of Error, appellant contends the trial court's conclusion that permanent custody would be in Kianna's best interests was not supported by the evidence.
 {¶ 23} In determining the best interest of a child, the trial court is required to consider the factors contained in R.C. 2151.414(D). These factors are as follows:
 {¶ 24} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 25} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 26} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 27} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 28} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child." *Page 8 
 {¶ 29} The record in this case reveals that Kianna is doing "quite well" in her present foster home placement, where Kianna has been since shortly after her birth. Tr. at 12, 13. The family is licensed for adoption purposes and is interested in pursuing adoption. Tr. at 13-14. The child's guardian ad litem has recommended that permanent custody should be granted to the agency. Although appellant appears to now fault the SCDJFS caseworker, Adrienne Chenault, for not describing the mother-child bond at trial (Appellant's Brief at 10), it is undisputed that as of the September 18, 2006 trial, appellant had not visited with Kianna since March 8, 2006, a period of more than six months. During the earlier visits which had gone forward, Ms. Chenault had found it necessary to "continually encourage" appellant, who has an IQ of 67 and has been diagnosed with bipolar post-traumatic stress disorder, to properly hold and interact with Kianna. Tr. at 7, 13.
 {¶ 30} It is well-established that "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." In reMauzy Children (Nov. 13, 2000), Stark App. No. 2000CA00244, quotingIn re Awkal (1994), 95 Ohio App.3d 309, 316, 642 N.E.2d 424. Upon review of the record and the findings of fact and conclusions of law therein, we conclude the trial court's grant of permanent custody of Kianna to SCDJFS was made in the consideration of the child's best interests and did not constitute an error or an abuse of discretion. *Page 9 
 {¶ 31} Appellant's Third Assignment of Error is therefore overruled.
 {¶ 32} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
 Wise, J. Gwin, P. J., and Farmer, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.
 Costs to appellant. *Page 1