OPINION *Page 2 
{¶ 1} Appellant Eva Hackmann appeals the May 29, 2007 judgment entry of the Guernsey County Court of Common Pleas, Juvenile Division, terminating Appellant's parental rights and granting permanent custody of Appellant's four minor daughters to Appellee Guernsey County Children Service Board ("GCCSB").
 {¶ 2} Eva Hackmann and Paul Hackmann are the married parents of Amber Hackmann (DOB 5-5-94), Paula Hackmann (DOB 1-2-00), Jessica Hackmann (DOB 9-5-02), and Kayla Hackmann (DOB 8-12-03).[1] GCCSB became involved with this case on November 30, 2005, based upon an allegation of medical neglect on behalf of one of the children not receiving timely medical treatment. Upon investigation, GCCSB became aware of allegations of domestic violence and drug abuse by the parents. Father had been arrested and placed in jail on the charge of domestic violence. One of the children stated that she witnessed her mother snort cocaine. GCCSB was granted temporary custody of the children on December 2, 2005.
 {¶ 3} The trial court held an adjudicatory hearing on March 1, 2006. Father appeared at the hearing and admitted to the allegations of neglect and dependency of the four children. Appellant did not appear at the hearing, but her attorney was present. The court found the children to be neglected and dependent. The trial court also approved a case plan for the parents created on December 29, 2005.
 {¶ 4} On May 3, 2006, a dispositional hearing was held in the matter. The trial court continued the temporary custody of the children with GCCSB. Father appeared at the hearing, but Appellant failed to appear. *Page 3 
 {¶ 5} GCCSB filed a motion for permanent custody on November 20, 2006. The permanent custody hearing was set for February 27, 2007. Appellant appeared and requested a continuance to be allowed the assistance of counsel. The hearing then took place on May 8, 2007.
 {¶ 6} On May 29, 2007, the trial court filed its Judgment Entry and written Findings of Fact and Conclusions of Law terminating Appellant's and father's parental rights and granting permanent custody of the four children to GCCSB.
 {¶ 7} Based upon the trial court's decision, Appellant raises one Assignment of Error:
 {¶ 8} "I. THE JUDGMENT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT GUERNSEY COUNTY CHILDREN SERVICES BOARD FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT'S PARENTAL RIGHTS SHOULD BE TERMINATED."
 I. {¶ 9} In her Assignment of Error, Appellant argues the trial court erred in granting permanent custody of her children to GCCSB. We disagree.
 {¶ 10} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279,376 N.E.2d 578. *Page 4 
 {¶ 11} Revised Code 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C.2151.414(A)(1) mandates the trial court schedule a hearing, and provide notice, upon filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care.
 {¶ 12} Following the hearing, R.C. 2151.414(B)(1) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply:
 {¶ 13} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 14} "(b) The child is abandoned.
 {¶ 15} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 16} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 17} Therefore, R.C. 2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C. *Page 5 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.
 {¶ 18} In the case sub judice, the trial court found that (1) Appellant abandoned the children pursuant to R.C. 2151.414(B)(1)(b); (2) the children have been in the temporary custody of the GCCSB for 12 or more months in the past 22 months under R.C. 2151.414(B)(1)(d); and (3) the children could not be placed with either parent within a reasonable time.
 {¶ 19} We first find there was clear and convincing evidence to support the trial court's finding that Appellant abandoned her children pursuant to R.C. 2151.414(B)(1)(b). R.C. 2151.011(C) defines abandonment as, "a child shall be presumed abandoned when the parents of the child have failed to visit or maintain contact with the child for more than ninety days, regardless of whether the parents resume contact with the child after that period of ninety days." Appellant testified that she did not have any contact with her children for fourteen months. (Tr. 181). Appellant further conceded on cross-examination that she may have been out of contact with her children for up to twenty-five months, during which time she was "prostituting and getting high." (Tr. 193-194, 200).
 {¶ 20} Based on the trial court's finding that Appellant abandoned her children, which is supported by competent and credible evidence, there is no requirement that the trial court make any R.C. 2151.414(B)(1)(a) determinations. See, e.g., In re Willis, Coshocton App. No. 02CA15, 2002-Ohio-6795, ¶ 30. As an appellate court, we are not required to issue rulings that cannot affect matters at issue in a case. See, e.g.,In re *Page 6 Merryman/Wilson Children, Stark App. Nos. 2004 CA 00056, 2004 CA 00071,2004-Ohio-3174, ¶ 59, citing State v. Bistricky (1990),66 Ohio App.3d 395, 584 N.E.2d 75.
 {¶ 21} The next determination is whether the trial court erred in concluding that a grant of permanent custody to GCCSB was in the children's best interests. In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.
 {¶ 22} Upon review of the record, we find the trial court did not err in finding by clear and convincing evidence that children should be placed in the permanent custody of GCCSB. It is well-established that "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." In re Mauzy Children (Nov. 13, 2000), Stark App. No. 2000CA00244, quoting In re Awkal (1994), 95 Ohio App.3d 309, 316,642 N.E.2d 424.
 {¶ 23} As stated above, the record shows that Appellant did not have any visitations with her children until March 2007. (Tr. 84). Kim Charlton, Parent Aide with *Page 7 
GCCSB, testified that Appellant's visitation with her children went roughly in the beginning. (Tr. 85). The children had not seen their mother in a long time and the younger two children did not remember their mother. Id.
 {¶ 24} Sylvia Lawson, the ongoing caseworker, testified that she did not believe that legally secure placement was possible with Appellant at this time. (Tr. 140). She stated while Appellant is in treatment for her drug and alcohol addictions, she did not seek treatment until sixteen months after the children had been in the custody of GCCSB. (Tr. 141). Lawson did not believe that Appellant's prior history of crack cocaine addiction would allow permanent placement. Id.
 {¶ 25} The Guardian Ad Litem was present at the custody hearing. The GAL timely submitted a written report to the trial court recommending that the motion for permanent custody be granted to GCCSB.
 {¶ 26} Upon review, we find sufficient, competent and credible evidence in the record to support the trial court's finding by clear and convincing evidence, and find the trial court did not err in determining the best interests of the child was best served by terminating the parental rights and granting permanent custody to GCCSB.
 {¶ 27} The sole Assignment of Error is overruled. *Page 8 
 {¶ 28} The judgment of the Guernsey County Court of Common Pleas, Juvenile Division, is hereby affirmed.
Delaney, J., Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Guernsey County Court of Common Pleas, Juvenile Division is affirmed. Costs assessed to appellant.
[1] Paul Hackmann has also filed an appeal of the trial court's May 24, 2007 decision under Case No. 07-CA-26. *Page 1