OPINION
{¶ 1} Defendants-appellants, Ohio River Pipe Line, LLC ("ORPL"), Marathon Ashland Petroleum, LLC ("MAP"), Safeco Insurance Company of America and General Insurance Company of America (collectively, "appellants"), appeal the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Decker Construction Company ("appellee"), on appellee's claim for money damages against the bond substituted in place of appellee's mechanic's lien, which had formerly been placed upon property owned by Emerald Glen Housing Limited Partnership ("Emerald Glen").
 {¶ 2} The following pertinent facts are undisputed. Emerald Glen is the owner in fee simple of a certain parcel of land located in Franklin County. ORPL owns an interstate petroleum pipeline that travels from Kenovia, West Virginia to Columbus, Ohio.
 {¶ 3} On June 9, 1998, ORPL recorded an instrument entitled "Easement Deed" in the office of the Franklin County Recorder. The Easement Deed reflected an agreement between ORPL and Emerald Glen under which ORPL agreed to pay $8,000 in exchange for:
 [A]n easement to lay, construct, operate, inspect, maintain, replace, change the size of, relocate and remove a pipeline for any uses or substances, at routes selected by [ORPL], in and through the "SITE". * * * [ORPL's] right-of-way will consist of a strip of land extending 25 feet on either side of the pipeline as first installed (the "Strip"). Company shall have the rights to, from time to time: install, operate, inspect, maintain, replace, relocate and remove pipeline appurtenances, cables and equipment in the Strip; * * * and use a reasonable working area for exercise of rights granted hereunder. * * *
 {¶ 4 The easement deed specified that the "agreement shall bind and benefit the parties' heirs, legal representatives, successors and assigns * * * [and] the terms herein shall be independent and survive execution of any further agreements." Following recording of this instrument, ORPL proceeded to construct its pipeline. During construction, ORPL determined that it required placement of a gravitometer in the area of the pipeline located on the Emerald Glen property. This required ORPL to obtain a second easement.
 {¶ 5} On October 28, 1999, ORPL recorded an instrument entitled, "Appurtenance Deed." This deed reflected a June 14, 1999 agreement whereby ORPL paid the sum of $500 in exchange for "an easement for above and below ground facilities located on the Site and appurtenant to [ORPL's] pipeline traversing the Site." Specifically, Emerald Glen granted:
 [A]n easement to install, operate, inspect, maintain, replace, change the size of, relocate and remove piping, valves, meters, communication equipment, pipeline protection devices, including rectifiers, anodes, cables, test leads and other pipeline appurtenances above and below ground at the Site. [ORPL] shall have right to, from time to time: fence, secure, grade, gravel and pave; permit utilities to cross [Emerald Glen's] property to supply utility service; comply in a convenient manner with any present or future legal obligation or governmental request; access any point at the Site over any property which [Emerald Glen] owns now or in the future; install additional piping and appurtenances at no additional cost; and use a reasonable working area for any purpose convenient to [ORPL's] exercise of its rights granted hereunder.
 {¶ 6} This deed, too, included language benefiting the heirs, legal representatives, successors and assigns of the parties thereto.
 {¶ 7} On or about May 5, 2003, MAP, the parent company of ORPL, entered into a contract with H.L. Crouse Construction Company, Inc. ("Crouse"), the general contractor for the pipeline construction project, for the construction of a paved access road on the Emerald Glen property, for purposes of accessing the gravitometer site. In turn, on May 13, 2003, Crouse entered into a contract with appellee for all labor, materials and equipment required for the construction of the paved access road. Appellee commenced work on the road on June 4, 2003, and completed work on June 20, 2003. Crouse ultimately defaulted on its contract with appellee, leaving a balance due and owing to appellee in the amount of $25,871.
 {¶ 8} On August 27, 2003, appellee filed for record in the office of the Franklin County Recorder an Affidavit for Mechanic's Lien upon the Emerald Glen property. Appellee served notice of the affidavit for mechanic's lien upon Emerald Glen, Crouse, and MAP, but did not serve ORPL. On December 30, 2003, the Franklin County Court of Common Pleas journalized an order approving ORPL's application to substitute a bond for appellee's mechanic's lien. On October 18, 2004, appellee filed this action to validate its mechanic's lien and to recover money damages on the bond substituted for the lien.
 {¶ 9} The parties filed cross-motions for summary judgment. The trial court ultimately found that appellee's mechanic's lien was unenforceable against ORPL and MAP, but nonetheless found that it was entitled to collect on the bond because it had properly perfected its lien against Emerald Glen. Appellants timely appealed and advance one assignment of error for our review:
Assignment of Error No. 1
 THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT REGARDING RECOVERY ON THE BOND SUBSTITUTED IN PLACE OF PLAINTIFF'S MECHANIC'S LIEN AND IN DENYING DEFENDANTS-APPELLANT'S MOTION FOR SUMMARY JUDGMENT[.]
 {¶ 10} We review the trial court's grant of summary judgment de novo.Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 654 N.E.2d 1327. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C); State ex rel. Grady v. State Emp. Rels.Bd. (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343. We review questions of law de novo. Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm
(1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684, citing Ohio Bell Tel.Co. v. Pub. Util. Comm. (1992), 64 Ohio St.3d 145, 147, 593 N.E.2d 286.
 {¶ 11} Appellants make two arguments in support of their assignment of error. First, they argue that appellee's mechanic's lien is unenforceable because it was placed on the wrong real property interest; that is, appellee performed its work only upon ORPL's easement interest, but placed its mechanic's lien upon the fee simple interest of Emerald Glen. Second, they argue that appellee cannot collect from the bond because appellee placed its lien upon the real property interest of one with whom it did not have a contract. We will discuss each of these arguments separately.
 {¶ 12} It is helpful to begin by recalling the applicable language from the mechanic's lien statute. R.C. 1311.02 provides:
 Every person who performs work or labor upon or furnishes material in furtherance of any improvement undertaken by virtue of a contract, express or implied, with the owner, part owner, or lessee of any interest in real estate, or the owner's, part owner's, or lessee's authorized agent, and every person who as a subcontractor, laborer, or material supplier, performs any labor or work or furnishes any material to an original contractor or any subcontractor, in carrying forward, performing, or completing any improvement, has a lien to secure the payment therefor upon the improvement and all interests that the owner, part owner, or lessee may have or subsequently acquire in the land or leasehold to which the improvement was made or removed.
 {¶ 13} R.C. 1311.03 provides:
 Any person who performs labor or work or furnishes material, for the construction, alteration, or repair of any street, turnpike, road, sidewalk, way, drain, ditch, or sewer by virtue of a private contract between the person and the owner, part owner, or lessee of lands upon which the same may be constructed, altered, or repaired, or of lands abutting thereon, or as subcontractor, laborer, or material supplier, performs labor or work or furnishes material to such original contractor or to any subcontractor in carrying forward or completing such contract, has a lien for the payment thereof against the lands of the owner, part owner, or lessee, upon which the street, turnpike, road, sidewalk, way, drain or sewer is constructed or upon which any such street, turnpike, road, sidewalk, way, drain, ditch, or sewer abuts, as provided in section 1311.02 of the Revised Code.
 {¶ 14} R.C. 1311.06(A) provides, in pertinent part:
 Any person, or his agent, who wishes to avail himself of sections 1311.01 to 1311.22 of the Revised Code, shall make and file for record in the office of the county recorder in the counties in which the improved property is located, an affidavit showing the amount due over and above all legal setoffs, a description of the property to be charged with the lien, the name and address of the person to or for whom the labor or work was performed or material was furnished, the name of the owner, part owner, or lessee, if known, the name and address of the lien claimant, and the first and last dates that the lien claimant performed any labor or work or furnished any material to the improvement giving rise to his lien. * * *
 {¶ 15} Appellants' first argument consists in the premise that when appellee constructed the paved access road, this work was performed on ORPL's easement interest, not on Emerald Glen's property interest. Therefore, according to appellants, when appellee named Emerald Glen as the owner in its affidavit for mechanic's lien, it named the wrong owner of the property interest it sought to encumber, and this error renders the lien unenforceable.
 {¶ 16} It is true that "[mechanics' lien statutes create rights in derogation of the common law and should therefore be strictly construed as to question whether a lien attaches." Crock Constr. Co. v. StanleyMiller Constr. Co. (1993), 66 Ohio St.3d 588, 592, 613 N.E.2d 1027, quoting Robert V. Clapp Co. v. Fox (1931), 124 Ohio St. 331,10 Ohio Law Abs. 701, 178 N.E. 586, paragraph one of the syllabus. It is also true that failure to set forth the correct owner's name in an affidavit for mechanic's lien precludes the creation of a valid lien. Hoppes Builders Development Co. v. Hurren Builders, Inc. (1996), 118 Ohio App.3d 210,211, 692 N.E.2d 622.
 {¶ 17} Appellee argues, however, that it performed its work on the Emerald Glen property and, thus, it named the correct owner in its affidavit. For support of this contention it directs our attention to the affidavit of Carl Scheiderer,[1] an officer of appellee, and that of Donald Malarky,[2] a manager with MAP, both of whom aver that the paved road was constructed upon property owned by Emerald Glen. Appellee also points out that the building permit[3] that MAP provided to appellee before the commencement of work identifies Emerald Glen as the "owner of record" for the property upon which the roadway was to be constructed. Appellee contends that, because there is no evidence of record to contradict these pieces of evidence, which demonstrate that its work was performed on Emerald Glen's property, the trial court correctly concluded that appellee had named the proper owner in its affidavit for mechanic's lien.
 {¶ 18} Alternatively, appellee maintains, the plain language of the mechanic's lien statute requires only that the lien claimant name "the owner, part owner, or lessee, if known." R.C. 1311.06(A). (Emphasis added.) Appellee argues that the evidence of record demonstrates that the only owner "known" to it was Emerald Glen and that to require it to name ORPL, who was not "known" to appellee as an owner, would be to ignore the "if known" language in the statute. In response, appellants argue that appellee is seeking validation of its lien by virtue of "substantial" rather than strict compliance with the mechanic's lien statute.
 {¶ 19} Initially, we note that, " `Owner,' `part owner,' or `lessee' includes all the interests either legal or equitable, which such person may have in the real estate upon which the improvements are made, including the interests held by any person under contracts of purchase, whether in writing or otherwise." R.C. 1311.01(A). In light of this inclusive language, the statute appears to contemplate that one may assert a mechanic's lien upon an easement interest. However, as appellee points out, the only evidence of record indicates that it performed its work upon the real property owned by Emerald Glen, not that owned by ORPL.
 {¶ 20} Even if there were evidence of record demonstrating that appellee's work was performed on ORPL's easement interest, the plain language of R.C. 1311.06(A) required appellee to name only those owners or part owners that were known to it. Any other result would directly contradict the plain language of the statute.
 {¶ 21} Appellants seem to argue that Emerald Glen cannot suffice as the "owner" listed on appellee's affidavit for mechanic's lien because, as the sole owner of its easement, ORPL is the only owner of the interest sought to be encumbered; thus, it cites cases involving liens deemed unenforceable because the owners named in the affidavits were, for one reason or another, strangers to the transaction subject of the lien. But Emerald Glen is not a stranger to this transaction. Rather, it is the fee simple owner of the terra firma upon which appellee constructed the roadway, and it is the only owner listed on the building permit. We also note that the site plan that accompanied the permit notes the existence and ownership of several other easements in the general vicinity of the proposed roadway, but omits to include that of ORPL. From the record before us, we can discern no manner in which appellee was to have known that ORPL might be an "owner" under R.C.1311.06, short of a full-blown title search. The statute does not require that lien claimants perform such an inquiry, and neither will we.
 {¶ 22} For all of the foregoing reasons, we conclude that the trial court correctly determined that appellee strictly complied with the requirements of the mechanic's lien statute in order to perfect its lien.
 {¶ 23} Appellants' second argument is that appellee's lien claim is unenforceable because appellee placed its lien upon the real property interest of one with whom it did not have a contract. However, as appellee points out, appellants failed to raise this argument in the trial court and, as such, it is deemed waived on appeal.[4]Galmish v. Cicchini (2000), 90 Ohio St.3d 22, 32 734 N.E.2d 782.
 {¶ 24} For all of the foregoing reasons, appellants' single assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
FRENCH and MCGRATH, JJ., concur.
[1] These affidavits were attached to appellee's motion for summary judgment and memorandum in opposition to ORPL's motion for summary judgment.
[2] This affidavit was attached to ORPL's reply to appellee's memorandum in opposition to ORPL's motion for summary judgment.
[3] A copy of this permit was attached to appellee's motion for summary judgment.
[4] Appellants deny having failed to raise this argument below, but, upon a careful examination of the summary judgment memoranda filed for the trial court's consideration we conclude that appellants failed to raise their privity of contract argument below and have therefore waived it.