[Cite as *Fifth Third Bank v. Ohio Farmers Ins. Co.*, 2011-Ohio-1774.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| FIFTH THIRD BANK | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2010 CA 00286 |
| OHIO FARMERS INSURANCE<br>COMPANY, et al. | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:       Civil Appeal from the Court of Common
                               Pleas, Case No.  2008 CV 4442

JUDGMENT:                      Reversed and Remanded

DATE OF JUDGMENT ENTRY:        April 11, 2011

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

DAVID A. FREEBURG                         STEVEN R. HOBSON II
MCFADDEN & FREEBURG CO., LPA              LEIBY HANNA RASNICK
1370 Ontario Street                       388 South Main Street
Suite 600                                 Suite 402
Cleveland, Ohio  44113                    Akron, Ohio  44311

*Wise, J.*

{¶1} Appellant Ohio Farmers Insurance Company appeals the decision of the Court of Common Pleas, Stark County, which granted a motion for summary judgment in favor of Appellee Fifth Third Bank and denied appellant's motion for summary judgment. The foreclosure case under appeal was captioned in the trial court as 2008 CV 4442; however, we will herein also analyze the import of a prior mechanic's lien declaratory judgment action, which is not under appeal, captioned in the trial court as 2008 CV 3574.

{¶2} The present appeal stems from an action by Appellee Fifth Third to pursue foreclosure on certain lots in a residential real estate development known as "Danbury Glen Estates" in Hartville, Ohio, notwithstanding the prior filing of a mechanic's lien (presently held by Appellant Ohio Farmers) affecting a portion of the same development. The relevant facts leading to this appeal are as follows.

{¶3} The history of the present dispute begins on July 29, 2004, when John Hershberger, acting as president of Danbury Glen Estates, Inc., filed with the Stark County Recorder a notice of commencement for improvements to real property under R.C. 1311.04. At the time, Danbury Glen Estates, Inc. was the owner of the development real estate later described in the affidavit for mechanic's lien at issue.

{¶4} On April 4, 2006, Hersh Construction, one of the main builders in the project, executed a note in favor of Fifth Third in the amount of $1,552,800.00, plus interest. To secure the note, Hersh Construction executed a mortgage on twenty-one (21) lots of the Danbury Glen Estates development.

{¶5} Northern Valley Contractors, Inc., assignor to Appellant Ohio Farmers, became involved in the development and performed work on the streets and the sanitary sewer system. On February 28, 2007, Northern Valley filed an affidavit for a mechanic's lien with the Stark County Recorder. The affidavit of mechanic's lien included at least 46 lots in the residential development.[1]

{¶6} The affidavit of mechanic's lien was served on March 2, 2007 on the following: John Hershberger, Danbury Glen Estates, Inc., Jody Hershberger, and Hershberger Construction, Inc. Danbury Glen Estates LLC was named but not served with a copy of the affidavit. Furthermore, lots owned by Danbury Glen Estates LLC, Rural Investors LLC and Brian and Traci Miller were included in the affidavit. However, the affidavit was apparently not served on the respective owners of these lots.

---

[1] The affidavit of mechanic's lien at issue sets forth the following premises included:
"(1) Known as being Out Lot 164 in Danbury Glen Estates No. Subdivision, as shown on the plat recorded as Instrument No. 200408020055655 of the Stark County Official Records; and
(2) Situated in the Village of Hartville, County of Stark and State of Ohio and known as being part of the Southwest Quarter of 13 Section 12 and part of the Northwest Quarter of Section 13, Township 12, Range 8, of former Township of Lake, also known as being part of O.L. 162, part of O.L. 163 and part of O.L. 211 of said Village of Hartville, also known as being part of the lands now or formerly owned by Danbury Glen Estates, Inc. as recorded in Instrument 20047290054652 of Stark County Records, also being part of lands now or formerly owned by Bethany Mennonite Church as Recorded Instrument 200503040013342 of the Stark County Records and more fully described as follows (See Exhibit A):
(3) Known as and being lots 940, 941, 943, 945, 946, 947, 951, 953, 955, 958, 959, 960, 961, 962, 963, 964, 965, 967, 968, 969, 970, 971, 972, 973, 975, 979, 980, 981, 982, 983, 984, 987, 990, 991, 992, 993, 994, 995, 996, 997, 998, 999, 1001, 1002, 1003, and Out Lot 205 in the Village of Hartville, Stark County, Ohio set forth upon the plat of Danbury Glen Estates No. 1, recorded on August 2, 2004 as Instrument No. 200408020055655."

<u>*Stark County Common Pleas Case 2008 CV 3574*</u>

**{¶7}** In August 2008, Hersh Construction filed a declaratory judgment action in the Stark County Court of Common Pleas, under case number 2008 CV 3574. Appellee Fifth Third was not a named party in that case.

**{¶8}** Multiple parties in case number 2008 CV 3574 filed motions for summary judgment. The trial court therein entered an order concerning summary judgment. Appellant Ohio Farmers, in lieu of an appeal in Case No. 2008 CV 3574, entered into a resolution with the other parties, resulting in a May 6, 2009 Stipulated Judgment Entry which determined that the mechanic's lien of 2/28/2007 was valid and would relate back to July 29, 2004.

<u>*Stark County Common Pleas Case 2008 CV 4442*</u>

**{¶9}** On October 21, 2008, Appellee Fifth Third filed a complaint seeking judgment on the note, mortgage and guarantee in this case. The complaint alleged that Hersh had defaulted on a mortgage granted to Fifth Third on twenty-one lots in the subdivision known as Danbury Glen Estates. Appellant Ohio Farmers, the surety for Northern Valley Contractors, Inc., filed a motion to intervene, seeking to protect a balance of more than $539,000.00 for NVC's contracting work. The trial court granted the motion to intervene.

**{¶10}** On February 2, 2010 Appellant Ohio Farmers filed the aforesaid stipulated judgment entry of May 6, 2009 and the responses of Danbury Glen and Hersh Construction to request for admissions from case number 2008 CV 3574.

**{¶11}** On February 12, 2010 Appellee Fifth Third filed a motion to strike the stipulated judgment entry and a motion for summary judgment.

{¶12} On February 16, 2010 appellant filed its motion for summary judgment and a motion in limine.

{¶13} Upon reviewing the parties' briefing of the issues, the trial court granted Appellee Fifth Third's motion for summary judgment and denied Appellant Ohio Farmer's motion for summary judgment, concluding, inter alia, that the 2/28/07 affidavit of mechanic's lien filed by Northern Valley Construction did not create a lien against the real estate in question.

{¶14} On October 5, 2010, appellant filed a notice of appeal. It herein raises the following five Assignments of Error:

{¶15} "I. THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT WHERE IT IS UNDISPUTED THAT APPELLANT'S MECHANIC'S LIEN WAS SERVED ON THE OWNER OF RECORD OF THE PROPERTY THAT IS THE SUBJECT OF APPELLEE'S FORECLOSURE ACTION.

{¶16} "II. THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT WHERE IT IS UNDISPUTED THAT APPELLANT ALSO SERVED ITS MECHANIC'S LIEN ON THE OWNER'S DESIGNEE AS IDENTIFIED IN THE NOTICE OF COMMENCEMENT.

{¶17} "III. THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT WHERE A PRIOR STARK COUNTY COURT OF COMMON

PLEAS' FINAL JUDGMENT ENTRY DECLARED APPELLANT'S MECHANIC'S LIEN TO BE VALID.

{¶18} "IV. THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT BY FINDING THAT APPELLEE WAS NOT IN PRIVITY WITH HERSH CONSTRUCTION, INC. AND THEREFORE NOT SUBJECT TO THE FINAL JUDGMENT ENTRY IN THE PRIOR STARK COUNTY COURT OF COMMON PLEAS ACTION.

{¶19} "V. THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION TO STRIKE ADMISSIONS AND STIPULATED JUDGMENT ENTRY."

I.

{¶20} In its First Assignment of Error, Appellant Ohio Farmers Insurance contends the trial court erred in denying its motion for summary judgment while granting Appellee Fifth Third Bank's motion for summary judgment. We agree.

{¶21} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the

evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

**{¶22}** Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.

**{¶23}** Appellant Ohio Farmers has asserted a mechanic's lien interest in 21 lots in the Danbury Glen Estates subdivision, against which Appellee Fifth Third has also sought foreclosure. Appellant maintains its lien was perfected by the filing of the affidavit of mechanic's lien, originally filed by Northern Valley Contractors, Inc. and assigned to appellant. Appellant further maintains the lien would, by operation of law, relate back to July 29, 2004, the date of Danbury Glen's notice of commencement.

**{¶24}** The pertinent statutory requirements regarding such an affidavit are found in R.C. 1311.06(A):

**{¶25}** "Any person, or his agent, who wishes to avail himself of sections 1311.01 to 1311.22 of the Revised Code, shall make and file for record in the office of the county recorder in the counties in which the improved property is located, an affidavit showing the amount due over and above all legal setoffs, a description of the property to be charged with the lien, the name and address of the person to or for whom the labor or work was performed or material was furnished, the name of the owner, part owner, or lessee, if known, the name and address of the lien claimant, and the first and last dates that the lien claimant performed any labor or work or furnished any material to the improvement giving rise to his lien. If the affidavit is recorded, the omission or inaccuracy of any address in the affidavit does not affect its validity. The affidavit may be verified before any person authorized to administer oaths ***."

**{¶26}** In the case sub judice, the affidavit of mechanic's lien at issue included the legal description of the 21 lots in appellee's foreclosure action (all of which were owned by Hersh Construction at the time the foreclosure action was filed), as well as an additional 25 lots, for a total of 46. The affidavit of mechanic's lien was served on John Hershberger as officer of Hersh Construction, Inc., on March 2, 2007. The trial court determined that the affidavit of mechanic's lien did not comply with the requirements of R.C. 1311.06, and therefore failed to create a lien. The affidavit of mechanic's lien contains as the property to be encumbered 46 separate lots, owned by different parties. The trial court determined in order to create a lien on 46 separate lots, each of the owners would have to be served under R.C. 1311.06, before the affidavit was effective in creating a lien. Appellee Fifth Third argued, and the trial court concluded, that because one of the "additional" 25 lots was owned by Brian and Traci Miller (not parties

to the foreclosure action), the entire affidavit was rendered invalid because the Millers were not named as owners therein or served with a copy of the affidavit.

{¶27} Generally, the failure to set forth the correct owner's name in an affidavit for mechanic's lien precludes the creation of a valid lien. *Decker Const. v. Ohio River Pipe Line, LLC,* Franklin App. No. 06 AP 483, 2007-Ohio-421, ¶ 16, citing *Hoppes Builders & Development Co. v. Hurren Builders, Inc.* (1996), 118 Ohio App.3d 210, 211, 692 N.E.2d 622. However, the case of *Roth Bros. Cooling & Heating, Inc. v. Walrus Corp.* (May 1, 1979), Mahoning App. No. 78 CA 11, 1979 WL 207353, is instructive in the present appeal. In that case, the Seventh District Court of Appeals relied upon paragraph one of the syllabus in *Capital City Lumber Co. v. Ellerbrock* (1964), 177 Ohio St. 159: " 'Under the provisions of Section 1311.06, Revised Code, and related sections, it is not incumbent on a materialman in his affidavit for a mechanic's lien to name both joint owners of the real property affected by such affidavit, but the naming therein of only one of the owners subjects solely the interest in the property of that owner to the operation of the lien.' " In *Royal-Empire Drilling Partners v. David A. Waldron & Association, Inc.* (Dec. 14, 1988), Wayne App.No. 2399, 1988 WL 134246, the Ninth District Court of Appeals also cited *Capital City Lumber,* supra, in concluding that where the materialman failed to name the leasehold interest possessor as an owner, part owner, or lessee in the lien affidavits, the materialman had not subjected that particular entity to the lien's operation.

{¶28} We recognize that *Roth Bros.* and *Empire-Drilling* involve the issue of incomplete naming of multiple owners or interest holders of specific property in a mechanic's lien affidavit, as opposed to listing no correct owner for a given parcel.

However, we find both cases indicate that name omissions do not necessarily prevent the enforceability of the mechanic's lien against the remaining properly-named property owners. Furthermore, in *In re Qualstan Corp.* (S.D. Ohio 2003), 302 B.R. 575, 586, a federal bankruptcy court reviewed Ohio law and concluded: "The language 'if known' in [R.C. 1311.06] mitigates in part the requirement to have the absolute correct name. Certainly, if the Ohio legislature intended to have an absolute standard with regard to the names of the owners, it would not have included the 'if known' language. This Court declines to grant summary judgment to [the property owner] and invalidate [the lien claimant] mechanics' liens simply because [the lien claimant] listed the wrong name on the affidavits."

**{¶29}** Accordingly, we hold the trial court erred in granting appellee's motion for summary judgment on the basis that the Millers were not named as one of the owners in the mechanic's lien affidavit.[2] Appellant's First Assignment of Error is therefore sustained.

II.

**{¶30}** In its Second Assignment of Error, Appellant Ohio Farmers additionally challenges the trial court's summary judgment ruling, where the court concluded appellant's mechanic's lien was invalid for lack of service on all property owners.

**{¶31}** R.C. 1311.07, which sets forth the requirement for a lien claimant to provide service of a mechanic's lien affidavit, reads in pertinent part as follows: "Any person filing an affidavit pursuant to section 1311.06 of the Revised Code shall serve a

---

[2] We note that appellee's response brief includes an argument that the lien was invalid pursuant to the time requirements of R.C. 1311.06(B). As it would have been the proper practice for appellee to have presented this claim as a cross-assignment of error, we decline to reach the merits of appellee's arguments in this regard.

copy of the affidavit on the owner, part owner, or lessee of the improved property or his designee, within thirty days after filing the affidavit. ***."

**{¶32}** In the case sub judice, it is undisputed that on July 29, 2004, John Hershberger, acting as president of Danbury Glen Estates, Inc., filed with the Stark County Recorder a notice of commencement for improvements to real property under R.C. 1311.04. The notice of commencement identifies the property owner as "Danbury Glen Estates, Inc," the owner's designee as "John P. Hershberger," and the original contractor as "Hersh Construction, Inc." There is no indication in the record that an amended notice was ever filed or served on Northern Valley or its assignee, Appellant Ohio Farmers.

**{¶33}** Appellee Fifth Third has not disputed that Northern Valley duly served its affidavit of mechanic's lien on Danbury Glen Estates, Inc, John Hershberger and Hersh Construction, Inc. in March 2007. Nonetheless, the trial court concluded that appellant's mechanic's lien was invalid for want of service on Traci and Brian Miller, non-parties to the present action who had become the owners of Out Lot 205 via a deed recorded in Stark County on February 7, 2007.

**{¶34}** Ohio's mechanics' lien statutes create rights in derogation of the common law, and are generally strictly construed as to the question of whether a lien attaches. *Crock Constr. Co. v. Stanley Miller Constr. Co.* (1993), 66 Ohio St.3d 588, 592, 613 N.E.2d 1027, quoting *Robert V. Clapp Co. v. Fox* (1931), 124 Ohio St. 331, 10 Ohio Law Abs. 701, 178 N.E. 586, paragraph one of the syllabus. The question presently before us is whether the service defect regarding the subsequent owners of Out Lot 205 (the Millers) invalidates appellant's entire mechanic's lien. We note that a "notice of

commencement" must, pursuant to R.C. 1311.04(A)(10), contain warning language "to lien claimants and *subsequent purchasers*" that labor or improvements are planned on the property described therein. Reading R.C. 1311.04 and 1311.07 in pari materia, and noting that Chapter 1311 sets forth no statutory requirement for a lien claimant issuing a mechanic's affidavit lien to conduct a title search, we hold such lien claimant (appellant in this instance) may rely on the original notice of commencement to identify the requisite owners and/or designees for service of the affidavit of lien. See, also, *Decker, supra,* at ¶ 21 (concluding that the statutes do not require a "full-blown title search").

**{¶35}** Thus, where parcels of property have been conveyed to subsequent owners after the statutory notice of commencement, and said owners are not named parties in the foreclosure or lien enforcement action, any lack of service on the subsequent owners does not invalidate the overall mechanic's lien.

**{¶36}** Accordingly, we hold the trial court erred in granting appellee's motion for summary judgment on this basis. Appellant's Second Assignment of Error is sustained.

### III., IV., V.

**{¶37}** In its Third, Fourth and Fifth Assignments of Error, appellant contends the trial court erroneously granted summary judgment in favor of appellee by not applying the doctrine of res judicata and not preventing a collateral challenge to the prior judgment entry in common pleas case number 2008 CV 3574, and by striking certain documents pertaining to said prior case.

**{¶38}** As an appellate court, we are not required to issue an advisory or merely academic ruling. See, e.g., *In re Merryman/Wilson Children,* Stark App.Nos. 2004 CA 00056 and 2004 CA 00071, 2004-Ohio-3174, ¶ 59, citing *State v. Bistricky* (1990), 66

Ohio App.3d 395, 584 N.E.2d 75. In other words, assuming arguendo the trial court correctly found the stipulated judgment entry in case number 2008 CV 3574 was not protected under the collateral attack rule or the doctrine of res judicata, the trial court incorrectly found the lien affidavit invalid in the case sub judice, as analyzed supra.

**{¶39}** Under the circumstances of this case, we decline to reach the merits of appellant's arguments in this regard.

**{¶40}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

_____

_____

_____

                                    JUDGES

JWW/d 0329

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


FIFTH THIRD BANK                          :
                                          :
      Plaintiff-Appellee                  :
                                          :
-vs-                                      :                JUDGMENT ENTRY
                                          :
OHIO FARMERS INSURANCE                    :
COMPANY, et al.                           :
                                          :
      Defendant-Appellant                 :                Case No. 2010 CA 00286


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

Costs assessed to appellee.


_____

_____

_____

                                          JUDGES